No. 20-2067

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

Joe A. Lynch

Claimant-Appellant,

v.

Denis McDonough, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals
for Veterans Claims in Case No. 19-3106

## APPELLANT'S PETITION FOR REHEARING EN BANC

Mark R. Lippman, Esq.
Attorney of Record*
Veterans Law Group
13446 Poway Rd., Suite 338
Poway, CA 92064
888-811-0523
mlippman@veteranslaw.com

Adam Luck, Esq.
GLOVERLUCK
1910 Pacific Ave., Suite 13300
Dallas, TX 75201
214-741-2005
adam@gloverluck.com

Kenneth M. Carpenter, Esq.
Carpenter Chartered
1525 SW Topeka Blvd, Ste D
Topeka, KS 66601
785-357-5251
kmcarpenter@mindspring.com

**FORM 9. Certificate of Interest**

**Form 9 (p. 1)**
**July 2020**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 20-2067 |
| **Short Case Caption** | Lynch v. McDonough |
| **Filing Party/Entity** | Lynch |

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/19/2021

Signature: /s/Mark R. Lippman

Name: Mark R. Lippman

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Joe A. Lynch | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ii-iii

STATEMENT OF COUNSEL 1

INTRODUCTION 2

ARGUMENTS

AS JUDGE DYK'S DISSENTING OPINION CORRECTLY POINTED OUT, ORTIZ'S PREPONDERANCE-OF-THE-EVIDENCE STANDARD HAS NO SUPPORT IN THE PLAIN LANGUAGE OF 38 U.S.C. § 5107(b) AND 38 C.F.R. § 3.102

3-8

ORTIZ IMPROPERLY SELECTED THE MOST RESTRICTIVE DEFINITION OF APPROXIMATE, AN AMBIGUOUS TERM HAVING A RANGE OF POTENTIAL MEANINGS

8-10

ORTIZ IS A FUNDAMENTALLY FLAWED DECISION AND THEREFORE STARE DECISIS SHOULD NOT BAR THE EN BANC COURT FROM OVERTURNING ITS HOLDING

11-13

CONCLUSION 13

CERTIFICATE OF COMPLIANCE 14

# TABLE OF AUTHORITIES

**Cases**                                                                     **Page**

*Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020)                    12
*Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998)                                  2
*Barclay v. United States*, 443 F.3d 1368 (Fed. Cir. 2006)                        8
*Boys Markets, Inc. v. Retail Clerk's Union*, 398 U.S. 235 (1970)                13
*Brown v. Gardner*, 513 U.S. 115 (1994)                                          10
*Chickasaw Nation v. United States*, 534 U.S. 84 (2001)                          10
*Garre v. Geryk*, 145 A.2d 829 (Conn. Sup. Ct. of Errors 1958)
(citations omitted)                                                               9
*Goldman Sachs Grp., Inc. v. Ark. Teacher Ret. Sys.*, ___U.S.___;
141 S.Ct. 1951 (2021)                                                             5
*Henderson*, 562 U.S. 428 (2011) (citation and internal quotation
marks omitted)                                                                   12
*Kosakow v. New Rochelle* Radiology *Assocs., P.C.*, 274 F.3d 706
(2d Cir. 2001)                                                                    5
*Lovell ex rel. Lovell v. Poway Unified Sch. Dist.*,
90 F.3d 367 (9th Cir. 1996)                                                       5
*Lynch v. McDonough* 999 F.3d 1391 (Fed. Cir. 2021)                              5
*Ortiz v. Principi*, 274 F.3d 1361 (Fed. Cir. 2001)                          passim
*Planned Parenthood of Greater Tex. Family Planning & Preventative
Health Servs. v. Kauffman*, 981 F.3d 347 (5th Cir. 2020) (en banc)               12
*Rodriguez de Quijas v. Shearson/American Express, Inc.*,
490 U.S. 477 (1989)                                                              13
*United States v. Gigante*, 39 F.3d 42 (2d Cir. 1994),
amended, 94 F.3d 53 (2d Cir. 1996)                                                5

**Statutes & Regulations**                                                   **Page**

38 C.F.R. § 3.102 (2020)                                          1, 2, 3, 4, 10, 12
38 U.S.C. § 5107(b) (2020)                                     1, 2, 3, 4, 5, 8, 10, 12

**Other**                                                                    **Page**

Black's Law Dictionary 103 (6th ed. 1990)                                         9
H.R. Rep. No. 100-963, at 13 (1988) (Veterans' Judicial Review Act) (italics
added).                                                                          13

https://www.macmillandictionary.com/dictionary/british/approximate_1)
(last visited on August 5, 2021) ............................................ 9

Merriam-Webster Dictionary Online, http://www.merriam-
webster.com/dictionary/estimate (last visited on August 5, 2021) ..... 9

https://www.va.gov/vetapp21/files4/21024970.txt (No. 21024970, filed on
04/27/21) ...................................................................... 10

https://www.va.gov/vetapp21/files3/21013414.txt (No. 21013414, filed on
03/09/21) ...................................................................... 10

https://www.va.gov/vetapp19/files9/19168264.txt (No. 19168264, filed on
09/04/19) ...................................................................... 10

https://www.va.gov/vetapp21/files3/a21005504.txt (No. A21005504, filed
3/11/21) ....................................................................... 10

https://www.va.gov/vetapp20/files12/a20019068.txt (No. A20019068, filed
on 12/21/20) .................................................................. 10

https://www.va.gov/vetapp20/files12/a20019401.txt (No. A20019401, filed
on 12/30/20) .................................................................. 10

https://www.va.gov/vetapp19/files11/19185715.txt (No. 19185715, filed on
11/14/19) ...................................................................... 10

https://www.va.gov/vetapp19/files4/19127118.txt (No. 19127118, filed on
04/08/19) ...................................................................... 10

https://www.va.gov/vetapp19/files9/a19001286.txt (No. A19001286, filed
on 09/11/19) .................................................................. 10

https://www.va.gov/vetapp18/files1/1801102.txt (No. 1727128, filed on
07/13/17) ...................................................................... 10

(https://www.va.gov/vetapp17/files5/1727128.txt (No. 1727128, filed on
07/13/17) ...................................................................... 10

https://www.va.gov/vetapp16/files2/1608016.txt (No. 1608016, filed on
03/01/16) ...................................................................... 10

## <u>STATEMENT OF COUNSEL</u>

Based on my professional judgment, I believe this appeal requires an answer to the precedent-setting question of exceptional importance: Are VA disability claims necessarily defeated, as held in *Ortiz v. Principi*, 274 F.3d 1361 (Fed. Cir. 2001), when the preponderance of the evidence weighs against them; or, does *Ortiz* conflict with the plain language of 38 U.S.C. § 5107(b) and 38 C.F.R. § 3.102, thereby gravely undermining the paternalistic, pro-claimant Veterans Administration ("the VA", "the Agency", "the Government") system for awarding benefits to deserving disabled veterans?

/s/Mark R. Lippman<br>
Mark R. Lippman

## **INTRODUCTION**

The importance of overturning *Ortiz* cannot be overstated. For far too long, the VA has been unfairly denying disability claims under a preponderance-of-the-evidence standard even when veterans have met their burden of proof by establishing "an approximate balance of positive and negative evidence." 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. The preponderance-of-the-evidence standard has no footing in the language of Sections 5107(b) and 3.102, and *Ortiz*'s adoption of it works a grave injustice to a special class of men and women who have sacrificed so much to protect our Nation. *Bailey v. West*, 160 F.3d 1360, 1370 (Fed. Cir. 1998) (Michel, J., concurring) ("The system for awarding veterans' benefits is "imbued with special beneficence" from a sovereign grateful to a "special class of citizens, those who risked harm to serve and defend their country.").

I

**AS JUDGE DYK'S DISSENTING OPINION CORRECTLY POINTED OUT, *ORTIZ*'S PREPONDERANCE-OF-THE-EVIDENCE STANDARD HAS NO SUPPORT IN THE PLAIN LANGUAGE OF 38 U.S.C. § 5107(b) AND 38 C.F.R. § 3.102**

*Ortiz* manifestly misconstrued the plain language of 38 U.S.C. § 5107(b) and 38 C.F.R. § 3.102

Relying upon the language of Section 5107(b) and its corresponding regulation Section 3.102, *Ortiz* held that veterans necessarily fall short of proving their claims when the preponderance of the evidence weighs against them:

> [W]e conclude that a finding that evidence preponderates in one direction precludes a finding that the positive and negative evidence is in "approximate balance," and we therefore interpret the clear and unambiguous language of § 5107(b) and its accompanying regulation to have no application where the Board determines that the preponderance of the evidence weighs against the veteran's claim.

274 F.3d at 1366.

*Ortiz* clearly misread the statutory text. Section 5107(b) states, in full:

> The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an *approximate* balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

§ 5107(b) (2020) (italics added).[1]

The modifier *approximate* is determinative. Only if the claimants' standard of proof were perfect balance-of-the-evidence (*i.e.*, equipoise-of-the-evidence) would the government's reciprocal standard[2] for

---

[1] In relevant part, Section 3.102 essentially restates section 5107(b):

> When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt is meant one which exists because of an *approximate* balance of positive and negative evidence which does not satisfactorily prove or disprove the claim.

§ 3.102 (2020) (italics added).

[2] Opposing standards of proof, like those of the claimants and the VA here, can be understood as reciprocals, each having a direct inverse relationship to the other. This principle can be easily illustrated in numerical terms, even though, as *Ortiz* pointed out, adjudicators do not actually assign **numbers or**

disallowing claims be preponderance-of-the-evidence.[3]    But, as Section 5107(b)'s conspicuous and unmistakable text makes clear, *approximate* balance-of-the-evidence is the claimants' operative standard of proof.

On this score, both the panel majority and dissenting opinions agree. *Lynch v. McDonough* 999 F.3d 1391, 1395 (Fed. Cir. 2021); *id.* at 1395-96 (Dyk, J., dissenting).    And, if the claimants' standard is *approximate* balance (a standard lower than perfect balance-of-the-evidence), then the VA's reciprocal standard for denying claims cannot be preponderance-of-the-evidence, but one higher.

---

percentages to evidence.  274 F.3d at 1364.  For example, if seventy (70) percent of the totality of the persuasive evidence weighs in favor of the veteran, then thirty (30) percent must weigh in favor of the VA.  Similarly, if fifty (50) percent of the evidence weighs in favor of the veteran, then likewise fifty (50) percent of the evidence necessarily weighs in favor of the Agency – a state of perfect balance or equipoise of the evidence.

[3] *United States v. Gigante*, 39 F.3d 42, 47 (2d Cir. 1994), amended, 94 F.3d 53 (2d Cir. 1996) ("The preponderance standard is no more than a tie-breaker dictating that when the evidence on an issue is evenly balanced, the party with the burden of proof loses."); *Kosakow v. New Rochelle* Radiology *Assocs., P.C.*, 274 F.3d 706, 731 (2d Cir. 2001) ("where the burden of proof is a preponderance of the evidence, the party with the burden of proof would lose in the event that the evidence is evenly balanced"); *Lovell ex rel. Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 373 (9th Cir. 1996) ("In general, if the evidence is evenly balanced, such that a decision on the point cannot be made one way or the other, then the party with the burden of persuasion loses."); *Goldman Sachs Grp., Inc. v. Ark. Teacher Ret. Sys.*, ___U.S.___; 141 S.Ct. 1951, 1963 (2021) (preponderance-of-the-evidence standard matters when the evidence is in perfect "equipoise").

For this reason, Judge Dyk correctly pointed out that the plain language of Section 5107(b) cannot be squared with *Ortiz*'s preponderance-of-the-evidence standard:

> The majority holds that this court's prior decision in *Ortiz v. Principi*, 274 F.3d 1361 (Fed. Cir. 2001), did not establish an equipoise-of-the-evidence standard for applicability of the benefit-of-the-doubt rule. Maj. Op. 8. I agree. The majority also holds that under *Ortiz*, the benefit-of-the-doubt rule does not apply when the preponderance of the evidence is found to be for or against a claimant. Maj. Op. 8. Here I disagree. It seems to me that *Ortiz's* preponderance of the evidence standard is inconsistent with the plain text of 38 U.S.C. § 5107(b).

> I

> As the majority notes, *Ortiz* contains some language suggesting that a veteran is entitled to the benefit of the doubt only when the evidence is "too close to call." Maj. Op. 7 n.1 (quoting *Ortiz*, 274 F.3d at 1365). However, I agree with the majority that *Ortiz* is best understood as holding that veterans are entitled to the benefit of the doubt when the evidence for or against their claims is approximately equal. *See Ortiz*, 274 F.3d at 1364. The benefit-of-the-doubt rule, codified at 38 U.S.C. § 5107(b), provides that a claimant is entitled to the benefit of the doubt when there is an "approximate balance" of positive and negative evidence. To the extent there is dicta in *Ortiz* suggesting that the benefit-of-the-doubt rule applies only in the context of an evidentiary tie, those statements are inconsistent with the plain text of § 5107(b) and should be disregarded.

## II

The majority also holds that the benefit-of-the-doubt rule does not apply when the preponderance of the evidence is found to be against a veteran's claim. Maj. Op. 8. In this respect the majority agrees with Ortiz's holding that "if the Board is persuaded that the preponderant evidence weighs either for or against the veteran's claim, it necessarily has determined that the evidence is not 'nearly equal' or 'too close to call,' and the benefit-of-the-doubt rule therefore has no application." 274 F.3d at 1365. That standard is the one applied by the Veterans Court in this case. If the preponderance of the evidence favors the claimant, the claimant prevails, and there is no need to reach the benefit-of-the-doubt rule. But the majority holds that the benefit-of-the-doubt rule does not apply when the VA has established that the veteran is not entitled to recover by a preponderance of the evidence. This formulation is first confusing because the statute generally places the burden of proof on the veteran. 38 U.S.C. § 5107(a) ("Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary.").

More significantly, the preponderance formulation is not consistent with the statute and disadvantages the veteran. This court has previously explained that "preponderant evidence" simply "means the greater weight of evidence." Hale v. Dep't of Transp., FAA, 772 F.2d 882, 885 (Fed. Cir. 1985); see also Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1279 (Fed. Cir. 2005) (explaining in the context of the Vaccine Act that "[t]his court has interpreted the 'preponderance of the evidence' standard . . . as one of proof by simple

> preponderance, of 'more probable than not'
> causation").

999 F.3d at 1395-96 (Dyk, J., dissenting).

Although the dissent considered *Ortiz*'s discussion of the preponderance-of-the-evidence standard as dicta, the majority did not, insisting that *stare decisis* required the panel to accept it as precedential:

> As to whether *Ortiz* correctly held that the benefit-of-the-doubt rule does not apply when "the preponderance of the evidence is found to be against the claimant," 274 F.3d at 1364, this panel is bound by *Ortiz*.

999 F.3d at 1395; *see Barclay v. United States*, 443 F.3d 1368, 1373 (Fed. Cir. 2006) ("Panels of this court are bound by previous precedential decisions until overturned by the Supreme Court or by this court *en banc*.")

## II

## *ORTIZ* IMPROPERLY SELECTED THE MOST RESTRICTIVE DEFINITION OF *APPROXIMATE*, AN AMBIGUOUS TERM HAVING A RANGE OF POTENTIAL MEANINGS

*Ortiz* selected the most stringent definition of *approximate*, contrary to the rule of resolving ambiguous language in favor of veterans.

*Ortiz* mischaracterized the term "approximate" of Section 5107(b) as "clear and unambiguous," 274 F.3d at 1366, meaning "almost

exact . . . close to . . . nearly the same." *Id.* at 1364 (citation omitted).  Yet, this definition is the most restrictive; *approximate* has a range of potential meanings:

> The word "approximately" is in its nature indefinite. It means "nearly," "about" or "close to.: All of these words are elastic and do not indicate certainty.  "Approximately: is used in the sense of an estimate, merely meaning "more or less."

*Garre v. Geryk*, 145 A.2d 829, 831 (Conn. Sup. Ct. of Errors 1958) (citations omitted); *see also* BLACK'S LAW DICTIONARY 103 (6th ed. 1990) (defining "approximate" as "[u]sed in the sense of an estimate merely, meaning more or less, but about and near the amount, quantity, or distance          specified");          Merriam-Webster          Dictionary Online, http://www.merriam-webster.com/dictionary/estimate (last      visited on August 5, 2021) (defining "estimate" as to "judge tentatively or approximately");

https://www.macmillandictionary.com/dictionary/british/approximate_1) (last visited on August 5, 2021) (setting forth one definition of approximate as "not exact or accurate, but good enough to be useful").

Given the term's ambiguity,[4] *Ortiz* should have chosen a more favorable synonym to define *approximate*, such as *relative*[5] to modify the clause "balance of positive and negative evidence."[6]    *Brown v. Gardner*, 513 U.S. 115, 118-19 (1994) (citing the statutory and regulatory rule of construction that ambiguous language must be resolved in veteran's favor).

---

[4] *Chickasaw Nation v. United States*, 534 U.S. 84, 90 (2001) (defining an "ambiguous" term as one "capable of being understood in two or more possible senses or ways") (citation omitted).

[5] The Board of Veterans' Appeals has frequently applied a *relative equipoise* standard for deciding claims. *E.g.* https://www.va.gov/vetapp21/files4/21024970.txt (No. 21024970, filed on 04/27/21); https://www.va.gov/vetapp21/files3/21013414.txt (No. 21013414, filed on 03/09/21); https://www.va.gov/vetapp19/files9/19168264.txt (No. 19168264, filed on 09/04/19); https://www.va.gov/vetapp21/files3/a21005504.txt (No. A21005504, filed 3/11/21); https://www.va.gov/vetapp20/files12/a20019068.txt (No. A20019068, filed on 12/21/20); https://www.va.gov/vetapp20/files12/a20019401.txt (No. A20019401, filed on 12/30/20); https://www.va.gov/vetapp19/files11/19185715.txt (No. 19185715, filed on 11/14/19); https://www.va.gov/vetapp19/files4/19127118.txt (No. 19127118, filed on 04/08/19); https://www.va.gov/vetapp19/files9/a19001286.txt (No. A19001286, filed on 09/11/19); https://www.va.gov/vetapp18/files1/1801102.txt (No. 1727128, filed on 07/13/17); (https://www.va.gov/vetapp17/files5/1727128.txt (No. 1727128, filed on 07/13/17); https://www.va.gov/vetapp16/files2/1608016.txt (No. 1608016, filed on 03/01/16).

[6] 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

III

## *ORTIZ* IS A FUNDAMENTALLY FLAWED DECISION AND THEREFORE *STARE DECISIS* SHOULD NOT BAR THE *EN BANC* COURT FROM OVERTURNING ITS HOLDING

Since *stare decisis* has less force where, as here, an *en banc* court is asked to overturn one of its three-judge panel decisions, *Ortiz* should be overturned as fundamentally flawed.  *See* Appellant's Opening Brief ("AOB") at 34-41; Appellant's Reply Brief at 15-22.

As the United States Court of Appeals for the District of Columbia recently explained, a *fundamentally flawed* standard for overturning precedent should apply to *en banc* review of circuit decisions, even though a more stringent standard applies to Supreme Court review of its own opinions:

> *Stare decisis* principles do not require us to continue down the wrong path. Because circuit courts play a different role in the federal system than the Supreme Court, *stare decisis* applies differently to circuit precedent than it does at the Supreme Court. In particular, as the dissenting opinion acknowledges, it is appropriate for the en banc court to set aside circuit precedent when, on reexamination of an earlier decision, it decides that the panel's holding on an important question of law was **fundamentally flawed**.

11

*Allegheny Def. Project v. FERC*, 964 F.3d 1, 18 (D.C. Cir. 2020) (citations and internal quotation marks omitted) (bold added); *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs. v. Kauffman*, 981 F.3d 347, 369 (5th Cir. 2020) (en banc) ("That does not mean that principles underpinning the doctrine of stare decisis have no place in the en banc court's decision about whether to overturn or abrogate a panel's prior decision. But the analysis is not as exacting as that undertaken by the Supreme Court of the United States in applying the stare decisis doctrine, as it must, in deciding whether to overturn its own precedent.").

*Ortiz*'s interpretation of Sections 5107(b) and 3.102 not only misreads the text (and ignores the relevant legislative and regulatory histories),[7] it uniformly prejudices veterans in a system designed to be "unusually protective of claimants." *Henderson*, 562 U.S. 428, 437 (2011) (citation and internal quotation marks omitted). At heart, *Ortiz* contravenes the essential and abiding VA policy to apply the most liberal interpretation of the law[8] and "to resolve all issues by giving the claimant[s] the benefit of

---

[7] AOB at 24-33.

[8] 38 C.F.R. § 3.102 ("It is the defined and consistently applied policy of the Department of Veterans Affairs to administer the law under a broad interpretation…").

*any* reasonable doubt." [9]    *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989) (overruling precedent to "correct a seriously erroneous interpretation of statutory language that would undermine congressional policy"); *Boys Markets, Inc. v. Retail Clerk's Union*, 398 U.S. 235, 241 (1970) (overruling precedent because it departed from consistent Congressional policy).

## CONCLUSION

For the stated reasons, appellant respectfully asks that his petition for rehearing *en banc* be granted and that the panel decision be reversed.

Dated: August 19, 2021

Respectfully,

/s/Mark R. Lippman
Mark R. Lippman, Esq.
13446 Poway Rd Suite 338
Poway, CA 92064
(858) 456-5840

---

[9] H.R. Rep. No. 100-963, at 13 (1988) (Veterans' Judicial Review Act) (italics added).

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies under Federal Rules of Appellate Procedure Rule 32(a)(7) that this brief is written 14-point type face and contains 2,940 words.

Respectfully submitted,

Dated:  August 19, 2021

/s/Mark R. Lippman
Mark R. Lippman



Neutral
As of: August 18, 2021 6:12 PM Z

# *Lynch v. McDonough*

United States Court of Appeals for the Federal Circuit

June 3, 2021, Decided

2020-2067

**Reporter**
999 F.3d 1391 *; 2021 U.S. App. LEXIS 16533 **

JOE A. LYNCH, Claimant-Appellant v. DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS, Respondent-Appellee

**Prior History: [**1]** Appeal from the United States Court of Appeals for Veterans Claims in No. 19-3106, Senior Judge Mary J. Schoelen.

*Lynch v. Wilkie, 2020 U.S. App. Vet. Claims LEXIS 681, 2020 WL 1899169 (U.S. App. Vet. Cl., Apr. 17, 2020)*

**Disposition:** AFFIRMED.

## Core Terms

Veterans, preponderance of evidence, approximate, benefit-of-the-doubt, claimant, benefit of the doubt, negative evidence, equipoise, disability rating, symptoms, nearly equal, slightly

## Case Summary

### Overview

HOLDINGS: [1]-The Veterans Court relied on Ortiz to determine that the "benefit of the doubt rule" under *38 U.S.C.S. § 5107(b)* did not apply to appellant's claim. Appellant argued that Ortiz requires equipoise of positive and negative evidence (rather than an "approximate balance" of the evidence as set forth in *38 U.S.C.S. § 5107(b)*) to trigger the benefit-of-the-doubt rule, but the court disagreed with his reading of Ortiz, and the panel was bound by Ortiz; [2]-Under *§ 5107(b)* and Ortiz, a claimant is to receive the benefit of the doubt when there is an "approximate balance" of positive and negative evidence, which Ortiz interpreted as "nearly equal" evidence. This interpretation necessarily includes scenarios where the evidence is not in equipoise but nevertheless is in approximate

balance.

### Outcome
The court affirmed.

## LexisNexis® Headnotes

Military & Veterans Law > Veterans > Claim Procedures

*HN1*[ ] **Veterans, Claim Procedures**

The benefit-of-the-doubt rule is codified at *38 U.S.C.S. § 5107*, which provides: The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. *38 U.S.C.S. § 5107(b)* The implementing regulation in turn provides: When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. *38 U.S.C.S. § 5107(b)*. The implementing regulation in turn provides: When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt is meant one which exists because of an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim. *38 C.F.R. § 3.102*.

Military & Veterans Law > Veterans > Appeals & Review > US Court of Appeals for Veterans Claims

*HN2*[👇] **Appeals & Review, US Court of Appeals for Veterans Claims**

The court has limited jurisdiction to review decisions by the Veterans Court. Under *38 U.S.C.S. § 7292(d)(2)*, except to the extent that an appeal presents a constitutional issue, the court may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case. But the court may review and decide any challenge to the validity of any statute or regulation or any interpretation thereof and interpret constitutional and statutory provisions, to the extent presented and necessary to a decision. *38 U.S.C.S. § 7292(c)*. And the court has authority to decide whether the Veterans Court applied the correct legal standard. We review the Veterans Court's legal determinations de novo.

Governments > Legislation > Interpretation

Military & Veterans Law > Veterans > Claim Procedures

*HN3*[👇] **Legislation, Interpretation**

Ortiz necessarily requires that the benefit-of-the-doubt rule may be triggered in situations other than equipoise of the evidence—specifically, situations where the evidence is nearly equal, i.e., an approximate balance of the positive and negative evidence as set forth in *38 U.S.C.S. § 5107(b)* and *38 C.F.R. § 3.102*. It is a basic principle of statutory interpretation that undefined terms in a statute are deemed to have their ordinarily understood meaning.

Military & Veterans Law > Veterans > Claim Procedures

*HN4*[👇] **Veterans, Claim Procedures**

So, let the court be clear. Under *38 U.S.C.S. § 5107(b)* and Ortiz, a claimant is to receive the benefit of the doubt when there is an approximate balance of positive and negative evidence, which Ortiz interpreted as nearly equal evidence. This interpretation necessarily includes scenarios where the evidence is not in equipoise but nevertheless is in approximate balance. Put differently,

if the positive and negative evidence is in approximate balance (which includes but is not limited to equipoise), the claimant receives the benefit of the doubt.

Evidence > Burdens of Proof > Preponderance of Evidence

Military & Veterans Law > Veterans > Claim Procedures

*HN5*[👇] **Burdens of Proof, Preponderance of Evidence**

if the Board is persuaded that the preponderant evidence weighs either for or against the veteran's claim, it necessarily has determined that the evidence is not "nearly equal" and the benefit of the doubt rule therefore has no application. A finding by "the preponderance of the evidence" reflects that the Board has been persuaded to find in one direction or the other. This panel is bound by Ortiz.

**Counsel:** MARK RYAN LIPPMAN, The Veterans Law Group, Poway, CA, argued for claimant-appellant. Also represented by KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS; ADAM R. LUCK, Gloverluck, LLP, Dallas, TX.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

MELANIE L. BOSTWICK, Orrick, Herrington & Sutcliffe LLP, Washington, DC, for amicus curiae Military-Veterans Advocacy Inc. Also represented by JOHN B. WELLS, Law Office of John B. Wells, Slidell, LA.

STANLEY JOSEPH PANIKOWSKI, III, DLA Piper LLP (US), San Diego, CA, for amici curiae Swords to Plowshares, Connecticut Veterans Legal Center. Also represented by EDWARD HANOVER, East Palo Alto, CA; JESSE MEDLONG, San Francisco, CA.

**Judges:** Before DYK, CLEVENGER, and PROST[*], Circuit Judges. Opinion for the court filed by **[**2]**

————————————————

[*] Sharon Prost vacated the position of Chief Judge on May 21, 2021.

Circuit Judge PROST. Opinion concurring in part and dissenting in part filed by Circuit Judge DYK.

**Opinion by:** PROST

# Opinion

**[*1392]** Prost, *Circuit Judge.*

Joe A. Lynch appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of his claim for a disability rating greater than 30% for service-connected post-traumatic stress disorder ("PTSD"). *Lynch v. Wilkie, No. 19-3106, 2020 U.S. App. Vet. Claims LEXIS 681, 2020 WL 1899169 (Vet. App. Apr. 17, 2020)* ("*Decision*"). In affirming the Board's denial, the Veterans Court relied on *Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001)*, to determine that the "benefit of the doubt rule" under *38 U.S.C. § 5107(b)* did not apply to Mr. Lynch's claim. Mr. Lynch argues that *Ortiz* requires equipoise of positive and negative evidence (rather than an "approximate balance" of the evidence as set forth in *38 U.S.C. § 5107(b)*) to trigger the benefit-of-the-doubt rule, and that *Ortiz* was therefore wrongly decided. Because we disagree with Mr. Lynch's reading of *Ortiz*, and because this panel is bound by *Ortiz*, we affirm.

Background

Mr. Lynch is a veteran who served on active duty in the United States Marine Corps from July 1972 to July 1976. In March 2015, Mr. Lynch presented for counseling upon the recommendation of his veteran peer group and was evaluated on two separate occasions **[**3]** by Dr. Gwendolyn Newsome, a private psychologist. Mr. Lynch described symptoms, including phobias about confined spaces, panic attacks, memory problems, mood swings, frequent nightmares, antisocial behaviors, and depression. J.A. 25-26. He attributed these symptoms to intrusive memories from his time in service and completed the military version of the PTSD Checklist. J.A. 25-26. Dr. Newsome reported that Mr. Lynch's symptoms and the results of the PTSD Checklist supported a diagnosis of PTSD. J.A. 25-26.

In March 2016, Mr. Lynch filed a claim of entitlement to PTSD, accompanied by Dr. Newsome's report, with the Department of Veterans Affairs ("VA"). In August 2016, Mr. Lynch underwent a VA PTSD examination. The VA

examiner confirmed the diagnosis of PTSD but reported that Mr. Lynch's PTSD did not result in symptoms that were severe enough to interfere with occupational or social functioning or to require continuous medication. J.A. 18, 39. The examiner reviewed Dr. Newsome's report but noted that the level of impairment observed by Dr. Newsome was not observed or reported during the VA examination. J.A. 39, 44. The relevant regional office ("RO") of the VA subsequently granted Mr. **[**4]** Lynch's PTSD claim with a 30% disability rating.

In October 2016, Mr. Lynch filed a Notice of Disagreement with the RO disputing the 30% disability rating. In support, Mr. Lynch submitted two additional psychological evaluations conducted by a private psychiatrist, Dr. H. Jabbour. *See* J.A. 49, 58. In July 2017, Mr. Lynch underwent a second VA PTSD examination. The examiner **[*1393]** documented Mr. Lynch's symptomatology and addressed the conflicting medical opinions regarding the severity of Mr. Lynch's symptoms, noting, for example, that some of Dr. Jabbour's conclusions "were more extreme than what was supported by available evidence." J.A. 60. In August 2017, the RO continued Mr. Lynch's 30% disability rating.

Mr. Lynch appealed to the Board, arguing that the RO assigned too low a rating for his PTSD because his symptoms are worse than those contemplated by the assigned 30% rating. The Board denied Mr. Lynch's appeal, finding that based on the record—including the evaluations conducted by Dr. Newsome, Dr. Jabbour, and the two VA examiners—"[Mr. Lynch] does not have social and occupational impairment manifested by reduced reliability and productivity" that would warrant a disability rating greater **[**5]** than 30% for PTSD. *See* J.A. 20. The Board noted that "[Mr. Lynch's] private examiners have described more severe impairment than that identified by the VA examiners; however, those findings are not supported by the subjective symptoms provided by [Mr. Lynch]." J.A. 21. The Board concluded that "the preponderance of the evidence is against the claim and entitlement" for a disability rating greater than 30% for PTSD. J.A. 21.

Mr. Lynch then appealed the Board's decision to the Veterans Court, arguing in relevant part that the Board misapplied *38 U.S.C. § 5107(b)* and wrongly found that he was not entitled to the "benefit of the doubt." *See Decision, 2020 U.S. App. Vet. Claims LEXIS 681, 2020 WL 1899169, at *3. HN1[↑]* ] The benefit-of-the-doubt rule is codified at *38 U.S.C. § 5107*, which provides:

The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an *approximate balance* of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

*38 U.S.C. § 5107(b)* (emphasis added). The implementing regulation in turn provides:

When, after careful consideration of all procurable and assembled **[**6]** data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt is meant one which exists because of an *approximate balance* of positive and negative evidence which does not satisfactorily prove or disprove the claim.

*38 C.F.R. § 3.102* (emphasis added).

The Veterans Court rejected Mr. Lynch's assertion that he was entitled to the benefit of the doubt and affirmed the Board's decision, reasoning that "the doctrine of reasonable doubt . . . d[oes] not apply here because the preponderance of the evidence is against the claim." *Decision, 2020 U.S. App. Vet. Claims LEXIS 681, 2020 WL 1899169, at \*5* (internal quotation marks omitted). In support of its reasoning, the Veterans Court relied on *Ortiz*, which held that "the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant." *274 F.3d at 1364.* Mr. Lynch now appeals the Veterans Court's decision.

DISCUSSION

I

*HN2*[↑] We have limited jurisdiction to review decisions by the Veterans Court. Under *38 U.S.C. § 7292(d)(2)*, except to the extent that an appeal presents a constitutional issue, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the **[**7]** facts of a particular case." But **[*1394]** we may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" and "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *38 U.S.C. § 7292(c).* And "we have authority to decide whether the Veterans Court

applied the correct legal standard." *Lamour v. Peake, 544 F.3d 1317, 1321 (Fed. Cir. 2008).* We review the Veterans Court's legal determinations de novo. *Gazelle v. Shulkin, 868 F.3d 1006, 1009 (Fed. Cir. 2017).*

II

Mr. Lynch raises a single issue on appeal. He argues that *Ortiz* was wrongly decided because it sets forth an "equipoise of the evidence" standard to trigger the benefit-of-the-doubt rule and that this decreased his chance of receiving a disability rating greater than 30% for PTSD. *See* Appellant's Br. 12-13. According to Mr. Lynch, *Ortiz* read the modifier "approximate" out of the term "approximate balance" set forth in *38 U.S.C. § 5107(b)* by requiring an equal or even balance of the evidence to give the benefit of the doubt to the claimant. *See* Appellant's Br. 16-19. We have jurisdiction under *38 U.S.C. § 7292(a)*, *(c)*.

Mr. Lynch's argument is two-pronged. First, he suggests that *Ortiz* expressly requires equipoise of the evidence for a claimant to receive the benefit of the doubt. But *Ortiz* says no such thing. **[**8]** Second, he contends that *Ortiz*'s holding that "the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant," *274 F.3d at 1364*, leaves no space for a claimant to receive the benefit of the doubt unless the positive and negative evidence is in perfect balance. But *Ortiz* considered and rejected such reasoning, *id. at 1365-66*, and this panel is bound by *Ortiz*. We further address each prong of Mr. Lynch's argument in turn.

A

Contrary to Mr. Lynch's suggestion that *Ortiz* sets forth an equipoise-of-the-evidence standard to trigger the benefit-of-the-doubt rule, *Ortiz* explicitly gives force to the modifier "approximate" as used in *38 U.S.C. § 5107(b)*. *Ortiz* found *§ 5107(b)* to be "clear and unambiguous on its face" and recited dictionary definitions of the words "approximate" and "balance" in concluding that under the statute "evidence is in approximate balance when the evidence in favor of and opposing the veteran's claim is found to be almost exactly or nearly equal." *274 F.3d at 1364* (cleaned up). *HN3*[↑] Thus, *Ortiz* necessarily requires that the benefit-of-the-doubt rule may be triggered in situations other than equipoise of the evidence—specifically, situations where the evidence is "nearly equal,"[1] i.e.,

---

[1] Although *Ortiz* also uses the words "too close to call" and a

an **[**9]** "approximate balance" of the positive and negative evidence as set forth in *§ 5107(b)* and *38 C.F.R. § 3.102*. *Ortiz, 274 F.3d at 1364-65*; *see also Best Power Tech. Sales Corp. v. Austin, 984 F.2d 1172, 1177 (Fed. Cir. 1993)* ("It is a basic principle of statutory interpretation . . . that undefined terms in a statute are deemed to have their ordinarily understood meaning. For that meaning, we look to the dictionary." (first citing *United States v. James, 478 U.S. 597, 604, 106 S. Ct. 3116, 92 L. Ed. 2d 483 (1986)*; and then citing *Bd. of Educ. v. Mergens, 496 U.S. 226, 237, 110 S. Ct. 2356, 110 L. Ed. 2d 191 (1990)*)).

**[*1395]** Mr. Lynch further suggests that, post-*Ortiz*, this court has "interpreted the benefit-of-the-doubt rule as setting forth an absolute equality-of-the-evidence or equipoise-of-the-evidence standard." Reply Br. 3 (citing *Skoczen v. Shinseki, 564 F.3d 1319, 1324 (Fed. Cir. 2009)*). Mr. Lynch is mistaken. *Skoczen* interpreted *38 U.S.C. § 5107(a)*, not *38 U.S.C. § 5107(b)*, and merely referred to the *§ 5107(b)* standard in passing dicta. *Skoczen, 564 F.3d at 1324*. Accordingly, *Skoczen* does nothing to disturb *Ortiz*.

Amicus curiae Military-Veterans Advocacy Inc. ("MVA") argues that in certain decisions citing *Ortiz*, the Veterans Court has articulated an equipoise-of-the-evidence threshold for giving the veteran the benefit of the doubt. *See* MVA Br. 8. In isolated cases, that may be so. *See, e.g.*, *Chotta v. Peake, 22 Vet. App. 80, 86 (2008)* (stating that "[if] the evidence is not in equipoise . . . the benefit of the doubt rule would not apply"). The Veterans Court's recitation in *Chotta* of the standard is incorrect.[2]

*HN4*[⬆] So, let us be clear. **[**10]** Under *§ 5107(b)* and *Ortiz*, a claimant is to receive the benefit of the doubt when there is an "approximate balance" of positive and negative evidence, which *Ortiz* interpreted as "nearly equal" evidence. This interpretation necessarily includes scenarios where the evidence is not in equipoise but nevertheless is in approximate balance. Put differently, if the positive and negative evidence is in approximate balance (which includes but is not limited to equipoise),

---

"tie goes to the runner" analogy in discussing the term "approximate balance," the case makes clear that it goes further than mere ties—"nearly equal" evidence triggers the benefit-of-the-doubt rule. *274 F.3d at 1364-65*.

[2] This misstep in *Chotta* does not appear to have negatively affected that veteran's case. *See* *22 Vet. App. at 86* (vacating and remanding on the basis that the Board failed to consider certain lay evidence of record).

the claimant receives the benefit of the doubt.

B

As to whether *Ortiz* correctly held that the benefit-of-the-doubt rule does not apply when "the preponderance of the evidence is found to be against the claimant," *274 F.3d at 1364*, this panel is bound by *Ortiz*.

Mr. Lynch argues that *Ortiz* was wrongly decided because "the totality of the . . . evidence can both preponderate in one direction and be nearly or approximately in balance." Reply Br. 3. He contends that "these two standards cannot co-exist" and that therefore *Ortiz* eliminates any meaning of the word "approximate" in *§ 5107(b)*. Reply Br. 3. But *Ortiz* considered (and rejected) such reasoning, explaining that *HN5*[⬆] "if the Board is persuaded that the preponderant evidence weighs either for or against the veteran's **[**11]** claim, it necessarily has determined that the evidence is not 'nearly equal' . . . and the benefit of the doubt rule therefore has no application." *274 F.3d at 1365*; *see also id. at 1365-66* (stating that a finding by "the preponderance of the evidence" reflects that the Board "has been persuaded" to find in one direction or the other). This panel is bound by *Ortiz*.

Conclusion

We have considered Mr. Lynch's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

Costs

No costs.

**Concur by:** DYK (In Part)

**Dissent by:** DYK (In Part)

# Dissent

Dyk, *Circuit Judge*, concurring in part and dissenting in part.

The majority holds that this court's prior decision in *Ortiz v. Principi, 274 F.3d 1361 [*1396] (Fed. Cir. 2001)*, did not establish an equipoise-of-the-evidence standard for applicability of the benefit-of-the-doubt rule. Maj. Op. 8. I

agree. The majority also holds that under *Ortiz*, the benefit-of-the-doubt rule does not apply when the preponderance of the evidence is found to be for or against a claimant. Maj. Op. 8. Here I disagree. It seems to me that *Ortiz's* preponderance of the evidence standard is inconsistent with the plain text of *38 U.S.C. § 5107(b)*.

I

As the majority notes, *Ortiz* contains some language suggesting that a veteran is entitled to the benefit of the doubt only when the evidence **[**12]** is "too close to call." Maj. Op. 7 n.1 (quoting *Ortiz, 274 F.3d at 1365*). However, I agree with the majority that *Ortiz* is best understood as holding that veterans are entitled to the benefit of the doubt when the evidence for or against their claims is approximately equal. *See Ortiz, 274 F.3d at 1364.* The benefit-of-the-doubt rule, codified at *38 U.S.C. § 5107(b)*, provides that a claimant is entitled to the benefit of the doubt when there is an "approximate balance" of positive and negative evidence. To the extent there is dicta in *Ortiz* suggesting that the benefit-of-the-doubt rule applies only in the context of an evidentiary tie, those statements are inconsistent with the plain text of *§ 5107(b)* and should be disregarded.

II

The majority also holds that the benefit-of-the-doubt rule does not apply when the preponderance of the evidence is found to be against a veteran's claim. Maj. Op. 8. In this respect the majority agrees with *Ortiz's* holding that "if the Board is persuaded that the preponderant evidence weighs either for or against the veteran's claim, it necessarily has determined that the evidence is not 'nearly equal' or 'too close to call,' and the benefit-of-the-doubt rule therefore has no application." *274 F.3d at 1365.* That standard is the one applied by the **[**13]** Veterans Court in this case.

If the preponderance of the evidence favors the claimant, the claimant prevails, and there is no need to reach the benefit-of-the-doubt rule. But the majority holds that the benefit-of-the-doubt rule does not apply when the VA has established that the veteran is not entitled to recover by a preponderance of the evidence. This formulation is first confusing because the statute generally places the burden of proof on the veteran. *38 U.S.C. § 5107(a)* ("Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary.").

More significantly, the preponderance formulation is not consistent with the statute and disadvantages the veteran. This court has previously explained that "preponderant evidence" simply "means the greater weight of evidence." *Hale v. Department of Transp., Federal Aviation Admin., 772 F.2d 882, 885 (Fed. Cir. 1985); see also Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1279 (Fed. Cir. 2005)* (explaining in the context of the *Vaccine Act* that "[t]his court has interpreted the 'preponderance of the evidence' standard . . . as one of proof by simple preponderance, of 'more probable than not' causation").

Our sister circuits have similarly explained that preponderant evidence may be found when the evidence only slightly favors one **[**14]** party. *See, e.g., Gjinaj v. Ashcroft, 119 F. App'x 764, 773-74 (6th Cir. 2005)* ("A preponderance of the evidence requires only that the government's evidence 'make the scales tip slightly' in its favor."); *Blossom v. CSX Transp., Inc., 13 F.3d 1477, 1479 (11th Cir. 1994)* (determining that a jury instruction correctly **[*1397]** explained that the preponderance of the evidence standard is "like the scales of justice" and can be satisfied as long as a party "tip[s] the scales just one little bit in [their] favor"); *Ostrowski v. Atl. Mut. Ins. Cos., 968 F.2d 171, 187 (2d Cir. 1992)* ("Instead, the court should instruct the jury that it is to conclude that a fact has been proven by a preponderance of the evidence if it 'finds that the scales tip, however slightly, in favor of the party with the burden of proof' as to that fact." (citation omitted)).

Because preponderant evidence may be found when the evidence tips only slightly against a veteran's claim, that standard is inconsistent with the statute's standard that the veteran wins when there is an "approximate balance" of evidence for and against a veteran's claim. "Approximate" is not the same as "slight." By reframing the statute's standard in terms of preponderance of the evidence, *Ortiz* departed from the clear language of the statute to the disadvantage of the veteran. It is not difficult to imagine a range of cases in which the **[**15]** evidence is in approximate balance between the veteran and the government (and the veteran should recover), but still slightly favors the government (and under the majority's test, the veteran would not recover).

*Ortiz's* holding effectively and impermissibly restricts the benefit-of-the-doubt rule to cases in which there is close to an evidentiary tie, a proposition that the majority agrees would be contrary to the "approximate balance" language of the statute. *See* Maj. Op. 8. Indeed, the government appeared to agree at oral argument that

999 F.3d 1391, *1397; 2021 U.S. App. LEXIS 16533, **15

when the evidence against a veteran's claim is equal to "equipoise plus a mere peppercorn," denying the benefit-of-the-doubt rule would be contrary to statute. Oral Argument at 23:00-23:16, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-2067_04082021.mp3 (but disagreeing that preponderance of the evidence is satisfied under that circumstance).

I respectfully dissent from the majority's conclusion that the preponderance standard is consistent with the statute.

---

**End of Document**

## PROOF OF SERVICE

I hereby certify under penalty of perjury that on the 19th day of

August, 2021, a copy of the foregoing:

## APPELLANT'S PETITION FOR REHEARING EN BANC

was filed electronically. This filing was served electronically to all parties by

operation of the Court's electronic filing system.


U.S. Court of Appeals for the Federal Circuit
Clerk of the Court
717 Madison Place, NW
Washington, DC 20439


Department of Justice
Commercial Litigation


/s/Mark R. Lippman
Mark R. Lippman, Esq.
13446 Poway Rd, Suite 338
Poway, CA 92064
(858) 456-5840